UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLOTTE SMITH, *et. al.*,

    Plaintiffs,

Case No. 10-11437

Honorable John Corbett O'Meara

v.

EBAY, INC. and PAYPAL, INC.,

    Defendants.

                                               /

**OPINION AND ORDER GRANTING
DEFENDANTS' JUNE 18, 2010 MOTION TO SET ASIDE CLERK'S ENTRY OF
DEFAULT AND FOR ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT**

This matter came before the court on Defendants' June 18, 2010 Motion to Set Aside Clerk's Entries of Default and for Enlargement of Time to Respond to Plaintiffs' Complaint. Plaintiffs filed a response June 25, 2010; and Defendants filed a reply July 2, 2010. Pursuant to Local Rule 7.1(e)(2), no oral argument was heard.

Plaintiffs filed this putative class action suit in this court April 12, 2010. There is no dispute that counsel for Plaintiffs and counsel for Defendants briefly discussed the case within days of its filing, and Defendants' counsel emailed to Plaintiffs' counsel case law from California. Within a week, Plaintiffs made a settlement offer; however, the offer was later rejected by Defendants. Plaintiffs allege that between May 7, 2010, and June 15, 2010, "absolutely no contact was had by the Plaintiffs with any eBay personnel by any communication method whatsoever." Plaintiffs' resp. br. at 7. On June 15, 2010, Plaintiffs filed requests for clerk's entry of default against both eBay and Paypal; and clerk's entry of default was entered against both defendants the following day.

Defendants have moved to set aside the defaults, arguing that the court lacks jurisdiction because the defendants were improperly served and that even if service were deemed proper, Plaintiffs have failed to rebut Defendants' showing of "good cause" to set aside the defaults under Rule 55(c) of the Federal Rules of Civil Procedure.

Rule 4(h) provides the procedure for serving a corporation. Generally, a plaintiff is required to deliver a copy of the summons and complaint to the defendant corporation's officer, managing or general agent, or any other agent authorized to accept service of process. In this case, Plaintiffs mailed Defendants the summons and complaint by certified mail, return receipt requested. The mailing was addressed only to Defendants' "Corporate Counsel." Plaintiffs failed to attempt to serve Defendants by any other method, including service upon eBay's or PayPal's respective agents-- although Plaintiffs point out that in attempting to find eBay's registered agent in Michigan, they found that eBay's registered agent had withdrawn from duty.

The question of proper service in this case, however, is immaterial. There is no dispute that Defendants did receive timely notice of the case, as counsel for Defendants contacted counsel for Plaintiffs within a day or two of the filing of the complaint. Instead, the court will address the issues raised under Rule 55(c), which provides that an entry of default may be set aside for "good cause."

To determine whether good cause has been shown, the court must consider "whether (1) the default was willful, (2) set aside would prejudice plaintiff, and (3) the alleged defense is meritorious." O.J. Dist., Inc. v. Hornell Brewing Co., Inc., 340 F.3d 345, 353 (6th Cir. 2003) (quoting United States Coin Meter Co., Inc. v. Seaboard Coastline R.R., 705 F.2d 839, 844 (6th Cir. 1983)). Federal policy strongly favors allowing parties to resolve their disputes at trial rather than

by default. Shepard Claims Serv., Inc. v. William Darrah & Assoc., 796 F.2d 190, 193-94 (6th Cir. 1986).

In this case, Defendants' default was not willful. Counsel for both sides had engaged in some, albeit brief, negotiations in an attempt to settle the matter. There is no indication that Defendants simply ignored the filing of the complaint.

Furthermore, setting aside the defaults would not prejudice the plaintiffs here. The United States Court of Appeals for the Sixth Circuit has held that "[t]o establish prejudice, plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Berthelsen v. Kane, 907 F.2d 617, 621 (6th Cir. 1990). Defendants eBay and PayPal moved to set aside the defaults just two days after they were entered; thus, there has been no attempt to delay the proceedings.

Finally, Defendants contend they have a meritorious defense to Plaintiffs' complaint, arguing that Plaintiffs' claims are nearly identical to antitrust claims that have been dismissed in a federal case in the Northern District of California. For these reasons, the court will grant Defendants' motion to set aside the defaults. In addition, the court will grant Defendants' motion for an enlargement of time to respond to the complaint.

## ORDER

It is hereby **ORDERED** that Defendants' June 18, 2010 Motion to Set Aside Clerk's Entry of Default and for Enlargement of Time to Respond to the Complaint is **GRANTED.**


                                    s/John Corbett O'Meara
                                    United States District Judge

Date: July 28, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 28, 2010, using the ECF system and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager